UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON COHEN,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>WASHINGTON METROPOLITAN AREA<br>TRANSIT AUTHORITY,<br><br>　　　　*Defendant*. | Civil Action No. 21-2370 (TJK) |

### MEMORANDUM OPINION

Plaintiff Sharon Cohen worked for the Washington Metropolitan Area Transit Authority, known as WMATA, from 2008 to June 1, 2020, when she was fired. On September 7, 2021, she sued WMATA, asserting four counts against it under the federal Rehabilitation Act of 1973. WMATA moves to dismiss, arguing that Cohen's claims are barred by the statute of limitations. The Court agrees, and so it will grant the motion and dismiss the case.

**I.　　Background**

In 2008, the Washington Metropolitan Area Transit Authority ("WMATA") hired Sharon Cohen to work as a safety officer.[1] ECF No. 1 ¶ 7. About two to three years later, Cohen fell from a chair during a training course, resulting in a long-term back injury. *Id.* ¶¶ 11–12, 15–16. She then requested several work-related accommodations because of her injury, which were denied. *Id.* ¶¶ 17, 22, 24, 29, 31, 70–72. She alleges that she experienced harassment from her supervisors and coworkers because of her disability. *Id.* ¶¶ 13, 18, 32–33, 47, 62–63, 75–76, 115. She also

---

[1] The following factual allegations are taken from the Complaint, ECF No. 1, and are accepted as true for purposes of deciding the motion, ECF No. 7. *See, e.g.*, *Perrow v. District of Columbia*, 435 F. Supp. 3d 9, 10–11 (D.D.C. 2020).

alleges that her supervisors interfered with her work performance in various ways while her colleagues did not face such interference. *Id.* ¶¶ 19, 34, 36–37, 39, 66–67, 72, 74, 77–79, 85–95. Additionally, Cohen asserts that her supervisors took several adverse actions against her, including transferring her to a different department, moving her office to a bus garage containing hazardous conditions, and denying her application to work as a bus safety manager. *Id.* ¶¶ 42, 45, 50–52, 54, 102–06. And some of what Cohen experienced at work occurred shortly after she requested accommodations and made formal complaints about being mistreated. *Id.* ¶¶ 22–23, 30–34, 111–12, 114. WMATA eventually fired Cohen on June 1, 2020. *Id.* ¶¶ 116–18, 166.

On September 7, 2021, Cohen sued WMATA, asserting four claims under the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*: (1) disparate treatment because of her disability; (2) failure to accommodate; (3) retaliation for engaging in protected activity; and (4) hostile-work-environment harassment. *See* ECF No. 1 ¶¶ 119–70. WMATA moves to dismiss Cohen's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that a one-year statute of limitations applies to all the claims and thus that her complaint is time-barred. ECF No. 7 at 1, 5. Cohen opposes, arguing that a three-year statute of limitations applies to her claims. ECF No. 9 at 4.

## II.     Legal Standard

A "Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a plaintiff's complaint." *Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017). In evaluating a Rule 12(b)(6) motion, the Court must construe the complaint in favor of the plaintiff and grant her the benefit of all inferences that can be derived from the facts alleged. *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012). A defendant may raise a statute-of-limitations defense in a Rule 12(b)(6) motion to dismiss when the facts that give rise to the defense are clear from the face of the complaint. *Rudder v. Williams*, 47 F. Supp. 3d 47, 50 (D.D.C. 2014). Dismissal on this basis is appropriate

"if the complaint on its face is conclusively time-barred." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam); *see also Potts v. Howard Univ. Hosp.*, 623 F. Supp. 2d 68, 72 (D.D.C. 2009) ("If no reasonable person could disagree on the date on which the cause of action accrued, the court may dismiss a claim on statute of limitations grounds." (internal quotation marks omitted)). And dismissal with prejudice on this basis is appropriate if the allegation of other facts consistent with the challenged pleading could not cure the deficiency. *Firestone*, 76 F.3d at 1209.

### III.    Analysis

The only issue presented by WMATA's motion to dismiss is whether a one-year or three-year statute of limitations applies to Cohen's Rehabilitation Act claims. *See* ECF No. 7 at 5; ECF No. 9 at 4. WMATA argues that a one-year statute of limitations applies, rendering Cohen's claims time-barred. *See generally* ECF No. 7. Cohen contends that a three-year statute of limitations applies, which would make her claims timely. *See generally* ECF No. 9. Cohen does not argue, in the alternative, that her claims would be timely if the Court holds that the one-year statute of limitations applies. *See generally id.*[2] To the contrary, she tacitly seems to acknowledge that they would be time-barred under a one-year statute of limitations by clarifying that she "does not allege a failure-to-hire claim that arose after she was terminated" and by arguing only for the application of a three-year statute of limitations to her claims. *See id.* at 4, 9.

The statute of limitations for a Rehabilitation Act claim arising in the District of Columbia appears to be an open question in this circuit. *See Alexander v. Wash. Metro. Area Transit Auth.*, 826 F.3d 544, 551 (D.C. Cir. 2016) (declining to decide this issue). Recent district court authority, however, is "virtually uniform" in holding that a one-year limitations period applies. *See*

---

[2] Thus, any such argument is waived. *See GSS Grp. Ltd. v. Nat'l Port Auth.*, 680 F.3d 805, 812 (D.C. Cir. 2012); *Ass'n of Am. Physicians & Surgeons, Inc. v. Sebelius*, 901 F. Supp. 2d 19, 37–38 (D.D.C. 2012); *Johnson v. District of Columbia*, 49 F. Supp. 3d 115, 122 n.5 (D.D.C. 2014).

*Brickhouse v. Howard Univ.*, No. 20-cv-1197 (CRC), 2021 WL 3007670, at *2 (D.D.C. Feb 11, 2021) (collecting authorities).  The Court agrees.

The Rehabilitation Act prohibits discrimination on the basis of disability in "any program or activity receiving Federal financial assistance," 29 U.S.C. § 794(a), and WMATA does not dispute that it is such a "program or activity," *see* ECF No. 1 ¶ 6.  The Rehabilitation Act "does not specify its own limitations period," so courts generally have "borrowed" one from the most analogous state cause of action, "provided that the state limitations period is not inconsistent with underlying federal policies."  *Alexander*, 826 F.3d at 551; *see also N. Star Steel Co. v. Thomas*, 515 U.S. 29, 34 (1995).  Courts in this district faced with this issue have applied either the District of Columbia's three-year statute of limitations for personal-injury claims, D.C. Code § 12-301(8), or the one-year statute of limitations for discrimination claims under the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1403.16(a).  *See Pappas v. District of Columbia*, 513 F. Supp. 3d 64, 81 (D.D.C. 2021).

Facially, the DCHRA appears to be the most closely analogous "state cause of action" to the Rehabilitation Act—like the Rehabilitation Act, the DCHRA prohibits various types of discrimination "based upon . . . disability."  D.C. Code § 2-1402.11(a)(1)(A).  It is thus unsurprising that recent decisions have been "virtually uniform" in applying the one-year statute of limitations found in the DCHRA.  *See Brickhouse*, 2021 WL 3007670, at *2.  In general, these decisions have followed the reasoning laid out in *Jaiyeola v. District of Columbia*, 40 A.3d 356 (D.C. 2012).  There, the District of Columbia Court of Appeals identified several reasons for concluding that the DCHRA was the most closely analogous "state cause of action" to the Rehabilitation Act: (1) the two statutes had a "shared purpose" of combatting disability discrimination; (2) both statutes contain a private cause of action for victims of disability

4

discrimination; (3) the two statutes employ a similar definition of "disability"; and (4) the remedies available to prevailing plaintiffs under both statutes are comparable. *See id.* at 367. And it explained why it found the analogy to personal-injury claims inapt: "[p]ersonal injury claims need not—and, indeed, typically do not—seek to remedy discrimination at all." *Id.* Accordingly, it held that the DCHRA's one-year statute of limitations applies to Rehabilitation Act claims brought in District of Columbia Superior Court. *See id.* at 368.

Like others, this Court finds the reasoning in *Jaiyeola* "persuasive." *Congress v. District of Columbia*, 324 F. Supp. 3d 164, 172 (D.D.C. 2018); *accord Abreu v. Howard Univ.*, No. 21-cv-397, 2021 WL 5081543 (APM), at *4 (D.D.C. Nov. 2, 2021) (collecting authorities); *Pappas*, 513 F. Supp. 3d at 82 (collecting authorities). Thus, the Court holds that the DCHRA is the most closely analogous "state cause of action" from which to borrow a statute of limitations for Rehabilitation Act claims. *See Alexander*, 826 F.3d at 551.

Cohen asserts that Rehabilitation Act claims are more analogous to personal-injury claims than to claims under the DCHRA. ECF No. 9 at 4. But she makes no meaningful argument to this effect. Instead, she argues merely that there are "substantial differences" between the DCHRA and the Rehabilitation Act that militate against finding them analogous enough. ECF No. 9 at 6. These include that the DCHRA covers more types of discrimination than the Rehabilitation Act, that the DCHRA—unlike the Rehabilitation Act—is not limited in application to programs or activities that receive federal financial assistance, and that the DCHRA includes at least one remedy that is unavailable under the Rehabilitation Act. But just because the DCHRA is broader than the Rehabilitation Act does not mean that the differences between the two statutes are substantial for these purposes. *See Jaiyeola*, 40 A.3d at 368 ("Given the reality that perfect fits are rare, it is preferable that the state statute be overinclusive as opposed to underinclusive when lined up

against the federal act in need of a borrowed statute of limitations."). And "minor differences between state and federal statutes are acceptable," since "the most analogous statute need not be identical." *Wolsky v. Med. Coll. of Hampton Rds.*, 1 F.3d 222, 225 (4th Cir. 1993) (citing *Wilson v. Garcia*, 471 U.S. 261, 272 (1985)).

Cohen also relies on an exception to the general rule of borrowing a statute of limitations from the most analogous state cause of action to argue that borrowing from the DCHRA would be "inconsistent with underlying federal policies." *See Alexander*, 826 F.3d at 551; *N. Star Steel Co.*, 515 U.S. at 34 ("[W]hen the state limitations periods . . . would frustrate or interfere with the implementation of national policies or be at odds with the purpose or operation of federal substantive law, we have looked for a period that might be provided by analogous federal law, more in harmony with the objectives of the immediate cause of action." (cleaned up)). But this exception is narrow, and Cohen fails to show that this case fits within it. *See N. Star Steel Co.*, 515 U.S. at 34.

For instance, Cohen contends that a three-year statute of limitations should apply to Rehabilitation Act claims to ensure "consistency" between Rehabilitation Act claims and those asserted under other federal civil-rights statutes either with a three-year statute of limitations or to which courts apply a three-year statute of limitations. ECF No. 9 at 6–7. But, of course, just because it might be *consistent* with some other federal laws to apply a three-year statute of limitations here does not mean it would be *inconsistent* with the federal policies underlying the Rehabilitation Act to apply a one-year statute of limitations. In fact, "a short statute of limitations is not uncommon among federal civil rights statutes," and other similar federal statutes have an even shorter de facto statute of limitations. *See McCullough v. Branch Banking & Tr. Co.* 35 F.3d 127, 131 (4th Cir. 1994). The Court thus finds that it is not "inconsistent with the federal policies behind the

6

Rehabilitation Act" to apply the DCHRA's one-year statute of limitations to Rehabilitation Act claims. *See id.* (finding the same in applying a 180-day statute of limitations to such claims).

Relatedly, Cohen emphasizes that the Rehabilitation Act is "nearly identical in construction and purpose" to Title VI. ECF No. 9 at 7. Title VI prohibits discrimination based on "race, color, or national origin" in "any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Cohen points out that Title VI does not have its own statute of limitations either and that courts in this district have applied the relevant state's personal-injury statute of limitations to such claims. *See, e.g.*, *Ute Indian Tribe of Uintah & Ouray Rsrv. v. U.S. Dep't of Interior*, No. 1:18-cv-00547 (CJN), 2021 WL 4189936, at *11 n.13 (D.D.C. Sept. 15, 2021). But this is of no moment here. The governing inquiry requires the Court to find the "state statute most closely analogous" to the Rehabilitation Act, and it may decline to apply that law's statute of limitations in favor of one from "analogous federal law" only if applying the state law's statute of limitations would "stymie the policies underlying the federal cause of action." *N. Star Steel Co.*, 515 U.S. at 34 (internal quotation marks omitted). As just discussed, applying the DCHRA's one-year statute of limitations would not do so.

Cohen also asserts that applying a one-year statute of limitations would make victims of disability discrimination a "lesser protected class" than victims of other types of discrimination. ECF No. 9 at 7. Not so. Victims of disability discrimination receive comparable protection under federal law as victims of other types of discrimination. *Compare, e.g.*, 29 U.S.C. § 794 *with, e.g.*, 42 U.S.C. § 2000d. Affording disability-discrimination plaintiffs one year to bring their claims while giving race-discrimination or national-origin-discrimination plaintiffs more time to bring their claims simply requires disability-discrimination plaintiffs to pursue their equally protected rights more quickly than other types of plaintiffs. *See Eddings ex rel. Eddings v. Volkswagenwerk,*

7

*A.G.*, 835 F.2d 1369, 1374–75 (11th Cir. 1988) (rejecting an equal-protection challenge claiming that a statute of repose was unconstitutional for creating "two classes of injured persons with different legal rights" because the Supreme Court had summarily rejected that very challenge); *cf. Chase Secs. Corp. v. Donaldson*, 325 U.S. 304, 314 (1945) (noting that statutes of limitations "are by definition arbitrary," that "their operation does not discriminate between the just and the unjust claim," and that they are "subject to a relatively large degree of legislative control").

Finally, Cohen argues that a three-year statute of limitations should apply because her complaint contains "plausible allegations of numerous acts of disability discrimination," WMATA has not (yet) "attempted to dismiss" those allegations "on the merits," and she deserves to "have her day in Court to present these claims." ECF No. 9 at 8. But of course, "[a] state statute cannot be considered 'inconsistent' with federal law merely because the statute causes the plaintiff to lose the litigation." *Robertson v. Wegmann*, 436 U.S. 584, 593 (1978).

For these reasons, the Court finds that the DCHRA's one-year statute of limitations applies to Cohen's Rehabilitation Act claims. And, because it is undisputed that her claims accrued more than one year before she filed her complaint, her claims are time barred. Thus, the Court will grant WMATA's motion to dismiss.

The only remaining question is whether the Court should dismiss the case with or without prejudice. Again, "dismissal *with prejudice*" on statute-of-limitations grounds "is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Firestone*, 76 F.3d at 1209 (internal quotation marks omitted). Cohen has not sought leave to amend, *see* Fed. R. Civ. P. 15(a)(1)–(2), or even argued that her claims could be considered timely under a one-year statute of limitations. The lack of any

8

such request or argument is telling.[3] Thus, the Court finds that the untimeliness of Cohen's claims cannot be cured by other allegations consistent with her complaint, so dismissal with prejudice is warranted.

## IV.     Conclusion

For all these reasons, the Court will grant WMATA's motion to dismiss with prejudice. A separate order will issue.

/s/ Timothy J. Kelly<br>
TIMOTHY J. KELLY<br>
United States District Judge

Date: November 11, 2021

---

[3] *See, e.g.*, *Wallace v. Buckingham Prop. Mgmt.*, No. 2:16-cv-01000 (CKD), 2016 WL 5234615, at *2 (E.D. Cal. Sept. 22, 2016), *adopted*, 2016 WL 7104234 (E.D. Cal. Dec. 5, 2016) ("Plaintiffs raise no argument in opposition which suggests this claim can be cured by amendment and the motions to dismiss should therefore be granted with prejudice . . . ."); *cf. GSS Grp. Ltd.*, 680 F.3d at 812 (noting that an argument that could have been but was not raised in an opposition to a motion to dismiss was waived).